# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN TURNER, | ) |
| Plaintiff, | ) CIVIL ACTION |
| v. | ) No. 18-2202-KHV |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY / KANSAS CITY, KANSAS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion To Strike Affidavits Filed In Support Of Defendant's Motion For Summary Judgment And Motion To Strike Exhibits In Support Of Defendant's Motion For Summary Judgment With Suggestions In Support ("Motion To Strike") (Doc. #77) filed November 27, 2019.

## Background

John Turner is a police officer with the Kansas City, Kansas Police Department, which is a department of the Unified Government of Wyandotte County / Kansas City, Kansas ("Unified Government"). Pretrial Order (Doc. #55) filed August 16, 2019 at 2. He brings suit against the Unified Government for race discrimination, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. Complaint (Doc. #1) filed April 25, 2018.

On October 21, 2019, defendant filed a motion for summary judgment. Defendant's Motion For Summary Judgment (Doc. #66). On November 26, 2019, plaintiff filed a response

which asserts, among other things, that defendant's summary judgment motion contains inadmissible evidence. Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #73). The next day, plaintiff filed this motion to strike certain affidavits and exhibits which he asserts are inadmissible. Motion To Strike (Doc. #77). On January 7, 2020, defendant filed a response which argues that its affidavits and exhibits are admissible. Response To Motions To Strike (Doc. #88).

**Legal Standard**

Under Rule 12(f), Fed. R. Civ. P., the Court may strike material from pleadings. A motion for summary judgment is not a pleading. See Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). Although a party may object to summary judgment evidence that is inadmissible, a separate motion to strike is not necessary or appropriate. Fed. R. Civ. P. 56(c)(2) ("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); Fed. R. Civ. P. 56 advisory committee's note to 2010 amend. ("There is no need to make a separate motion to strike."); Murray v. Edwards Cty. Sheriff's Dep't, 453 F. Supp. 2d 1280, 1284 (D. Kan. 2006) (striking evidence not best approach), aff'd, 248 F. App'x 993 (10th Cir. 2007); Campbell v. Shinseki, 546 Fed. Appx. 874, 879 (11th Cir. 2013); Cutting Underwater Tech. USA, Inc. v. Eni U.S. Oper. Co., 671 F.3d 512, 515 (5th Cir. 2012).

## Analysis

Plaintiff's motion to strike evidence from defendant's summary judgment motion is not appropriate. As another District of Kansas judge explained in <u>Murray v. Edwards Cty. Sheriff's Dep't</u>:

> Instead of striking an affidavit, the better approach is for the court to consider each affidavit and, to the extent it may assert a fact which is not admissible evidence, simply exclude the requested fact from the court's ultimate findings.

<u>Murray v. Edwards Cty. Sheriff's Dep't</u>, 453 F. Supp. 2d 1280, 1284 (D. Kan. 2006), <u>aff'd</u>, 248 F. App'x 993 (10th Cir. 2007). In any event, in his response to defendant's summary judgment motion, plaintiff raises the issue of admissibility several times. The Court is aware of its duty to consider only evidence which would be admissible at trial and will consider plaintiff's evidentiary arguments in its forthcoming order on defendant's motion for summary judgment.

**IT IS THERFORE ORDERED** that <u>Plaintiff's Motion To Strike Affidavits Filed In Support Of Defendant's Motion For Summary Judgment And Motion To Strike Exhibits In Support Of Defendant's Motion For Summary Judgment With Suggestions In Support</u> (Doc. #77) filed November 27, 2019 is **OVERRULED**.

Dated this 6th day of February, 2020 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge