IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN TURNER, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 18-2202-KHV |
| ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE ) | |
| COUNTY / KANSAS CITY, KANSAS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

John Turner brings suit against the Unified Government of Wyandotte County / Kansas City, Kansas ("Unified Government") for employment discrimination, harassment and retaliation based on race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. Pretrial Order (Doc. #55) filed August 16, 2019. On March 2, 2020, the Court sustained in part Defendant's Motion For Summary Judgment (Doc. #66) filed October 21, 2019. Memorandum And Order (Doc. #92). This matter is before the Court on Plaintiff's Motion To Reconsider The Court's Memorandum And Order (ECF No. 92) Granting, In Part, Defendant's Motion For Summary Judgment (ECF No. 66) (Doc. #95) filed March 13, 2020. For reasons stated below, the Court sustains the motion.

**Background**

John Turner is a police officer with the Kansas City, Kansas Police Department, which is a department of the Unified Government. Pretrial Order (Doc. #55) at 2. On April 25, 2018, he sued defendant under Title VII for race discrimination, harassment and retaliation. Complaint

(Doc. #1).  On October 21, 2019, defendant moved for summary judgment on plaintiff's claims. Defendant's Motion For Summary Judgment (Doc. #66) at 76.

On March 2, 2020, the Court sustained defendant's motion for summary judgment in part. Memorandum And Order (Doc. #92).  The Court stated that under Title VII, plaintiff had asserted three race-based claims: (1) disparate treatment; (2) hostile work environment; and (3) retaliation. Id. at 24.  The Court noted that Count I asserts "race discrimination and harassment in [the] terms and conditions [of] employment," Memorandum And Order (Doc. #92) at n.8 (citing Pretrial Order (Doc. #55) at 21), and the Court construed Count I as asserting separate claims for disparate treatment and a hostile work environment.

With respect to exhaustion of administrative remedies, on plaintiff's disparate treatment and retaliation claims, the Court held—and plaintiff conceded—that plaintiff did not exhaust administrative remedies for events which occurred before July 26, 2016 and that as a result, the following events were not independently actionable: defendant's investigation into allegations that plaintiff was double-dipping (December of 2015 through March of 2016); Chief of Police Terry Zeigler's decision to place plaintiff on administrative leave (March 12, 2016); and defendant's failure to complete performance evaluations for plaintiff (December of 2015 and June of 2016). Memorandum And Order (Doc.#92) at 26.  On plaintiff's hostile work environment claim, the Court held that because plaintiff included several events that occurred within the filing period (i.e., after July 26, 2016), the Court could consider events that contributed to the allegedly hostile work environment even if they fell outside the 300-day period.  Id. at 27.

As to the merits of plaintiff's claims, defendant asserted that plaintiff could not establish a prima facie case of disparate treatment or show pretext for the following discrete acts by defendant: (1) suspending plaintiff for 30 days, removing him from the Dignitary Protection Detail ("DPD")

and not reinstating him; (2) disciplining plaintiff for failing to submit an off-duty employment form; (3) including plaintiff in the early warning system;[1] (4) including plaintiff on the veracity list; and (5) addressing report desk complaints against him.[2]  The Court held that plaintiff had established a genuine issue of material fact as to (1) whether defendant did not reinstate him to the DPD because of race; and (2) whether defendant suspended him for failing to submit an updated off-duty employment form because of race.  On all other disparate treatment claims, the Court held that defendant was entitled to summary judgment.

On plaintiff's retaliation claim, defendant asserted that it was entitled to summary judgment on plaintiff's claims that the following discrete acts were retaliatory: (1) failure to reinstate plaintiff to the DPD after the grievance board hearing in April of 2017; (2) placing plaintiff on the veracity list; (3) interactions with Sgt. Shenee Davis and Deputy Chief Tyrone Garner at the report desk; (4) discipline imposed by Sgt. Davis in May of 2017; and (5) Captain Steve Owen's directive on report desk duties in July of 2017 and the discipline imposed by Sgt. Lucas Graves and Captain George Sims in 2018.  See Memorandum And Order (Doc. #92) at 37.  The Court held that defendant was entitled to summary judgment on all plaintiff's retaliation claims.

On plaintiff's hostile work environment claim, the Court held that plaintiff failed to establish a prima facie case and that defendant was entitled to summary judgment.  Memorandum And Order (Doc. #92) at 45.

On March 13, 2020, plaintiff filed a motion to reconsider.  Motion To Reconsider (Doc.

---

[1] The Court held that plaintiff's response to defendant's summary judgment motion mooted this claim.  Memorandum And Order (Doc. #92) at n.10.

[2] The Court held that plaintiff's response to defendant's summary judgment motion mooted this claim.  Memorandum And Order (Doc. #92) at n.11.

#95).  Plaintiff argues that he asserted a separate claim for retaliatory harassment, that defendant did not seek summary judgment on it and that the Court failed to address it.

Defendant responds that the pretrial order did not include a claim for retaliatory harassment and that even if it had, defendant would be entitled to summary judgment on such a claim.[3] Response To Motion To Reconsider (Doc. #95) filed March 27, 2020.

In reply, plaintiff asserts that the Court should liberally construe the pretrial order to find that it encompassed a retaliatory harassment claim or should amend the pretrial order to include such a claim.  Plaintiff's Reply In Support Of Plaintiff's Motion To Reconsider The Court's Memorandum And Order (ECF No. 92) (Doc. #100) filed April 10, 2020.  Plaintiff further asserts that he demonstrated a genuine issue of material fact as to retaliatory harassment and is entitled to present evidence on it at trial.

## Legal Standards

The Court has discretion whether to sustain or overrule a motion to reconsider.  Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988).  The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence or the need to correct clear error or prevent manifest injustice.  Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996).

"The . . . pretrial order measures the dimensions of the lawsuit, both in the trial court and

---

[3] Defendant asserts that even if the pretrial order had properly preserved a retaliatory harassment claim, defendant adequately addressed such a claim in its summary judgment briefing and would be entitled to summary judgment on it.  Because defendant did not move for summary judgment on a separate retaliatory harassment claim, the Court will not consider the merits of such a claim at this stage.

on appeal." Youren v. Tintic Sch. Dist., 343 F.3d 1296, 1304 (10th Cir. 2003) (internal quotation marks omitted); see also Fed. R. Civ. P. 16(d) (pretrial order controls course of action unless modified by court). The Court liberally construes the pretrial order "to cover any of the legal or factual theories that might be embraced by [its] language." Trujillo v. Uniroyal Corp., 608 F.2d 815, 818 (10th Cir. 1979) (internal quotations marks omitted). The primary purpose of the pretrial order, however, is to avoid surprise by requiring the parties to "fully and fairly disclose their views as to what the real issues of the trial will be." Cortez v. Wal-Mart Stores, Inc., 460 F.3d 1268, 1276 (10th Cir. 2006) (internal quotation marks omitted); Zenith Petroleum Corp. v. Steerman, 656 F. App'x 885, 887 (10th Cir. 2016). The burden rests on counsel, not on the Court or the magistrate judge, to ensure that the pretrial order accurately reflects the parties' respective positions regarding the Court's jurisdiction, facts, legal theories and other matters. Hung Duc Bui v. IBP, Inc., 201 F.R.D. 509, 512 (D. Kan. 2001), aff'd sub nom. Bui v. IBP, Inc, 34 F. App'x 653 (10th Cir. 2002). Accordingly, issues that are not in the pretrial order are not part of the case before the Court. Youren, 343 F.3d at 1304; Cortez, 460 F.3d at 1276-77 (claims, issues, defenses and theories of damages not included in pretrial order waived).

The Court may modify the pretrial order "only to prevent manifest injustice." Davey v. Lockheed Martin Corp., 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)). The party seeking to amend the pretrial order has the burden to demonstrate that manifest injustice would otherwise occur. See id. The Court exercises discretion in deciding whether to modify the pretrial order. See id.; Koch v. Koch Indus., Inc., 203 F.3d 1202, 1222 (10th Cir. 2000). In so doing, the Court considers the following factors: (1) disruption to the orderly and efficient trial of the case by inclusion of the new issue; (2) prejudice or surprise to the party opposing trial of the issue; (3) ability of the party to cure any prejudice; and (4) bad faith by the party seeking the

modification.  See Koch, 203 F .3d at 1222 (citation omitted).  In applying these factors, the Court must strive to ensure "the full and fair litigation of claims."  Joseph Mfg. Co. v. Olympic Fire Corp., 986 F.2d 416, 420 (10th Cir. 1993).

The Tenth Circuit has explained that an attempt to add a new claim to the pretrial order is the equivalent of asking leave to amend the complaint, and the Court must evaluate it under the standards set forth in Rule 15(a), Fed. R. Civ. P.  Smith v. Aztec Well Servicing Co., 462 F.3d 1274, 1285 (10th Cir. 2006); Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006); see Hunter v. The Buckle, Inc., 488 F. Supp. 2d 1157, 1170 (D. Kan. 2007).  Under Rule 15(a), the Court will generally deny leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment.  See Duncan v. Manager, Dept. of Safety, City & Cnty. of Denver, 397 F.3d 1300, 1315 (10th Cir. 2005).  Leave to amend is within the sound discretion of the Court.  See Woolsey v. Marion Labs., Inc., 934 F.2d 1452, 1462 (10th Cir. 1991).  Rule 15(a) instructs the Court to "freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

**Analysis**

In the pretrial order, plaintiff expressly asserted two legal claims: (1) "Title VII race discrimination and harassment in the terms and conditions of employment. (Count I of Complaint)" and (2) "Title VII retaliation in the terms and conditions of employment. (Count II of Complaint)."  Pretrial Order (Doc. #55) at 21.  Because plaintiff's first claim encompassed two claims, the Court construed it as asserting separate claims of disparate treatment and a hostile work environment.  Memorandum And Order (Doc. #92) at n.8.  Plaintiff did not directly plead a separate claim for retaliatory harassment and, accordingly, defendant did not address such a claim

in its motion for summary judgment.

That said, construed liberally, the factual contentions in the pretrial order suggest that plaintiff intended to bring a retaliatory harassment claim. For example, the pretrial order states that "[e]ach time after [plaintiff] complained about unlawful discrimination and harassment, and as a result of his complaints, Defendant retaliated against him by subjecting him to increased scrutiny, disciplinary action and unfavorable reviews of his work, among other adverse actions." Pretrial Order (Doc. #55) at 11. It also states that "[f]rom January 2017 to the present, [plaintiff] has been subjected to heightened scrutiny in the police department and threats of disciplinary action in that his superior officers were tracking [his] work, questioning where he was when on authorized breaks, and documenting and questioning his work." Id. In addition, plaintiff's brief in opposition to summary judgment addressed a retaliatory harassment claim based on the aggregate effect of defendant's conduct, which also indicates that plaintiff intended to assert a separate retaliatory harassment claim. See Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #73) filed November 26, 2019 at 134; see also Turrentine v. United Parcel Serv., Inc., 645 F. Supp. 2d 976, 987 (D. Kan. 2009) (concluding that plaintiff preserved retaliatory harassment claim even though not expressly mentioned in pretrial order and noting that plaintiff's brief in opposition to summary judgment indicated she intended to bring such claim); cf. Hullman v. Bd. of Trustees of Pratt Cmty. Coll., 950 F.2d 665, 667 (10th Cir. 1991) (citation omitted) (plaintiff cannot raise new claims in brief in opposition to summary judgment motion).

On the other hand, defendant clearly intended to seek summary judgment on all of plaintiff's claims, and plaintiff—perhaps mistakenly—did not expressly include a separate

retaliatory harassment claim. Construed liberally, however, the pretrial order could be read to encompass such a claim.[4]

Given the specific circumstances of this case, plaintiff's request for a modification to the pretrial order is appropriate. The Court refers this case to U.S. Magistrate Judge Teresa J. James to conduct a supplemental pretrial conference and enter a supplemental pretrial order. The supplemental pretrial order shall reflect the current posture of the case and may expressly include a separate retaliatory harassment claim. Defendant may then seek summary judgment on the newly stated claim for retaliatory harassment. In light of the uncertainty surrounding the upcoming trial date,[5] inclusion of plaintiff's retaliatory harassment claim will not disrupt orderly and efficient trial of the case, and the Court's allowance of leave to file an additional summary judgment motion eliminates any potential prejudice to defendant. Defendant has not alleged that plaintiff's failure to expressly include a retaliatory harassment claim was the result of bad faith. Permitting plaintiff to assert a retaliatory harassment claim therefore ensures "the full and fair litigation of claims," Joseph Mfg. Co., 986 F.2d at 420, and is consistent with the Court's duty to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

---

[4] The Court emphasizes that it is counsel's job to clearly articulate her client's claims so that defendant has a reasonable opportunity to meet them. See Hung Duc Bui, 201 F.R.D. at 512. If counsel had done so, defendant's confusion and this motion could have been avoided.

[5] Pursuant to Governor Laura Kelly's Executive Order 20-16 (issued March 28, 2020), in response to the COVID-19 pandemic, the State of Kansas is under a mandatory stay-at-home order which, if extended, will likely delay trial of this case. If the parties wish to seek a continuance of trial, they shall do so by separate motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Reconsider The Court's Memorandum And Order (ECF No. 92) Granting, In Part, Defendant's Motion For Summary Judgment (ECF No. 66) (Doc. #95) filed March 13, 2020 is **SUSTAINED**.

The Court requests that Judge James conduct a supplemental pretrial conference no later than May 1, 2020, and enter a supplemental pretrial order which expressly includes plaintiff's retaliatory harassment claim. On or before **May 4, 2020**, defendant may file a motion for summary judgment on such claim. Any response from plaintiff shall be filed on or before **May 11, 2020**, and defendant's reply shall be filed on or before **May 14, 2020**.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
