IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOHN TURNER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2202-KHV |
| | ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY / KANSAS CITY, KANSAS, | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

John Turner brings suit against the Unified Government of Wyandotte County / Kansas City, Kansas ("Unified Government") for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. Supplemental Pretrial Order (Doc. #108) filed May 7, 2020. This matter is before the Court on Plaintiff's Objection To And Motion To Amend Supplemental Pretrial Order (Doc. 108) (Doc. #113) filed May 21, 2020. For reasons stated below, the Court overrules the motion.

**Background**[1]

On March 2, 2020, the Court sustained in part Defendant's Motion For Summary Judgment (Doc. #66) filed October 21, 2019. Memorandum And Order (Doc. #92). The Court granted summary judgment to defendant on all but two claims: (1) whether defendant did not reinstate

---

[1] The factual background is set forth in the Court's Memorandum And Order (Doc. #92).

plaintiff to the Dignitary Protection Detail ("DPD") because of race and (2) whether defendant suspended him for failing to submit an off-duty employment form because of race. Id. at 46.

On March 13, 2020, plaintiff filed a motion for reconsideration, arguing that he had asserted a separate retaliatory harassment claim, that defendant did not seek summary judgment on it, and that the Court did not address it in its summary judgment order. Plaintiff's Motion To Reconsider The Court's Memorandum And Order (ECF No. 92) Granting, In Part, Defendant's Motion For Summary Judgment (ECF No. 66) (Doc. #95). On April 16, 2020, the Court sustained plaintiff's motion for reconsideration, and directed U.S. Magistrate Judge Teresa J. James to conduct a supplemental pretrial conference and enter a supplemental pretrial order that expressly included plaintiff's retaliatory harassment claim. Memorandum And Order (Doc. #101) at 9.

On May 7, 2020, Judge James entered a Supplemental Pretrial Order (Doc. #108) that included plaintiff's retaliatory harassment claim, along with the claims that survived summary judgment. Specifically, the supplemental pretrial order listed the claims that remain for trial as follows:

> (1)     Title VII race discrimination in the terms and conditions of employment, specifically (a) whether defendant did not reinstate [plaintiff] to the DPD because of race; and (b) whether defendant suspended him for failing to submit an updated off-duty employment form because of race. *(Count I of Complaint)*.
>
> (2)     Title VII retaliatory harassment. *(Count II of Complaint)*.

Supplemental Pretrial Order (Doc. #108) at 23 (footnotes omitted) (emphasis in original). In addition, the supplemental pretrial order noted as follows:

> Plaintiff's proposed language for this Supplemental Pretrial Order stated his Title VII race discrimination legal claim more broadly, as "(a) whether *defendant removed Plaintiff from the DPD, disciplined him with a suspension*, and did not reinstate him to the DPD because of race; and (b) whether defendant suspended Plaintiff for failing to submit an updated off-duty employment form because of race." (emphasis added). Defendant objected to the italicized language in (a) as

> having been dismissed in Judge Vratil's March 2, 2020 Memorandum and Order (ECF No. 92) granting in part and denying in part Defendant's Motion for Summary Judgment, and April 16, 2020 Memorandum and Order (ECF No. 101) granting Plaintiff's Motion for Reconsideration. Plaintiff argued that part of the claim reflected in the italicized language survived summary judgment based upon the discussion included in Section II.A.1. of the Memorandum and Order (ECF No. 92 at 29–34) and the concluding language in that section, which states, "Defendant is not entitled to summary judgment on this claim." (*Id.* at 34). The court disagrees with Plaintiff's reading of Section II.A.1. The court finds Judge Vratil's orders are explicit and clear that the only remaining race discrimination claims are as stated above, and thus sustains Defendant's objection.

Id. n.3 (emphasis in original). Based on this ruling, Judge James also sustained defendant's objection to plaintiff's claim for damages for lost pay from "suspensions" in general (which would include his three-day suspension from the DPD) and limited plaintiff's suspension-related damages to his one-day suspension for failing to submit an updated off-duty employment form.  Id. n.7.

On May 21, 2020, plaintiff filed a motion to amend the supplemental pretrial order to include his claim for "disparate treatment against Defendant for suspending him for 30 days (reduced to 3 days), removing him from the DPD and not reinstating him" and to adjust his damage claims accordingly. Plaintiff's Objection To And Motion To Amend Supplemental Pretrial Order (Doc. 108) (Doc. #113) at 1. He asserts that in its summary judgment order, the Court found a genuine issue of material fact whether defendant suspended him, removed him from the DPD and did not reinstate him because of race, and that the entirety of this claim remains for trial. Memorandum In Support Of Plaintiff's Objection To And Motion To Amend Supplemental Pretrial Order (Doc. 108) (Doc. #114) at 2. In other words, plaintiff asserts that Judge James incorrectly concluded that after the Court's summary judgment ruling, the only aspect of plaintiff's claim that remained for trial was for disparate treatment based on defendant's failure to reinstate him to the DPD.

On June 4, 2020, defendant filed a Memorandum In Opposition To Plaintiff's Objection To And Motion To Amend Supplemental Pretrial Order (Doc. 108) (Doc. #121).  Defendant asserts that plaintiff's claim that defendant disciplined him with a 30-day suspension because of race did not survive summary judgment and that Judge James's refusal to include the phrase "defendant removed plaintiff from the DPD" was correct as such language would be duplicative of "whether defendant did not reinstate him to the DPD because of race."  Memorandum In Opposition (Doc. #121) at 7.  Defendant asserts that the issue for trial is whether defendant did not reinstate plaintiff to the DPD—and instead removed him from the unit—because of his race.  Id. at 8.

## Legal Standard

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law."[2]  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The Court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997).  The Court will affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."  Ocelot Oil Corp. v. Sparrow

---

[2]   In his motion, plaintiff asserts that the law is not clear whether Judge James's decision is non-dispositive and subject to Rule 72(a), or dispositive and subject to Rule 72(b). Because Judge James merely followed the Court's direction and entered a supplemental pretrial order that expressly included plaintiff's retaliatory harassment claim and the claims on which the Court did not grant summary judgment, Judge James's order was non-dispositive.  In any event, the Court's decision would be the same under either standard.

Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

### Analysis

In the conclusion of its summary judgment order, the Court stated, in relevant part, that a genuine issue of material fact existed as to "whether defendant did not reinstate [plaintiff] to the DPD because of race." Memorandum And Order (Doc. #92) at 46. Plaintiff asserts that this concluding language is at odds with the substance of what the Court held, and that Judge James improperly adopted it verbatim. He asserts that the substance of the Court's summary judgment order held that he had demonstrated a genuine issue of material fact as to whether defendant suspended him for 30 days, removed him from the DPD *and* did not reinstate him—not as to his non-reinstatement only.

Judge James did not err in adopting in the supplemental pretrial order the concluding language from the Court's summary judgment order. If the Court's conclusion was in error, plaintiff should have filed a motion for reconsideration with this Court—not an objection to the supplemental pretrial order (which was entered over two months after the Court's summary judgment order).[3]

Furthermore, the Court's concluding language was consistent with the substance of its summary judgment order. In its motion for summary judgment, defendant assumed that plaintiff set forth a prima facie case of disparate treatment based on his suspension for 30 days (later

---

[3] Indeed, plaintiff has already filed one motion for reconsideration of the Court's summary judgment order. In that motion, he did not argue that the Court's decision was unclear on this claim, or that its conclusion was mistaken.

reduced to three days), his removal from the DPD and defendant's failure to reinstate him. Defendant, however, stated legitimate and non-discriminatory reasons for its actions, thereby shifting the burden to plaintiff to demonstrate that defendant's reasons were pretextual. See Memorandum And Order (Doc. #92) at 29. At that point, any presumption of discrimination "dropp[ed] out of the picture." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511 (1993).

> The Court summarized plaintiff's arguments for pretext as follows:
>
> First, he asserts that defendant's failure to investigate double-dipping by white DPD officers demonstrates pretext. Second, plaintiff generally asserts that defendant has treated white officers more favorably and reinstated those officers even after it disciplined them.

Memorandum And Order (Doc. #92) at 31; see Plaintiff's Memorandum In Opposition To Defendant's Motion For Summary Judgment (Doc. #73) at 120-123. Plaintiff's first argument failed because the one white officer in the DPD only worked in the unit once a month, and the record did not contain evidence that he was double-dipping or had been accused of double-dipping. As to his second argument for pretext, plaintiff failed to present a valid comparator. The Court held that his "bare assertion that defendant treats white officers more favorably than it treated him does not create a genuine issue of material fact whether Chief Zeigler's reasons for suspending him for 30 days, removing him from the DPD and not reinstating him are pretext for race discrimination." Memorandum And Order (Doc. #92) at 32. The Court further held that Chief Zeigler and Detective Waldeck were not similarly situated, that plaintiff failed to show that other potential comparators had engaged in misconduct of comparable seriousness and that he failed to rule out nondiscriminatory explanations for differential treatment. Id.

Importantly, however, the Court found that the record contained evidence that Sgt. J.A. was a valid comparator. Specifically, the Court stated:

> Although defendant imposed a 45-day suspension, placed him on the veracity list and issued a last chance agreement, defendant did not remove Sgt. J.A. from the community policing unit, which was a high-profile unit like the DPD. Sgt. J.A. was similarly situated to plaintiff, and defendant's differential treatment of him *creates a genuine issue of material fact whether defendant's non-discriminatory reason for removing plaintiff from the DPD was pretextual*. [] Defendant is not entitled to summary judgment on this claim.

Id. at 34-35 (emphasis added).  In other words, the differential treatment of Sgt. J.A. and plaintiff which gave rise to an inference of pretext was not suspension; the difference was that Sgt. J.A. was allowed to return to his high-profile unit and plaintiff was not.  This difference created a genuine issue of material fact whether plaintiff's removal (i.e. non-reinstatement) from DPD was pretextual.  Indeed, it is not clear how plaintiff could demonstrate disparate treatment based on Sgt. J.A.'s suspension (45 days) as compared to his own (30 days, reduced to 3 days).

When the Court summarized plaintiff's remaining claims, it stated that a genuine issue of material fact existed as to whether defendant's decision not reinstate plaintiff to the DPD—that is, to permanently remove him—was because of his race.  No material conflict exists between the Court's substantive holding and concluding language, and Judge James was right to rely on the Court's summary.

## Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Objection To And Motion To Amend Supplemental Pretrial Order (Doc. 108) (Doc. #113) filed May 21, 2020 is **OVERRULED**.

**IT IS SO ORDERED.**

Dated this 19th day of June, 2020 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
